IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CROSSROADS SYSTEMS, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:13-CV-1025 |
| v. | § § | JURY DEMANDED |
| HUAWEI TECHNOLOGIES CO. LTD., HUAWEI ENTERPRISE USA INC. HUAWEI TECHNOLOGIES USA INC. | § § § § | |
| Defendants. | § | |

**PLAINTIFF CROSSROADS SYSTEMS, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

**THE PARTIES**

1.     Plaintiff Crossroads Systems, Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas 78759.

2.     Upon information and belief, Defendant Huawei Technologies Co. Ltd. ("Huawei China") is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in Huawei Industrial Base, Bantian, Longgang, Shenzshen, Guangdong, P.R. China, 518129.

3.     Upon information and belief, Defendant Huawei Enterprise USA Inc. ("Huawei Enterprise") is a California Corporation with its principal office at 3965 Freedom Circle, 11th Floor, Santa Clara, CA 95054.

4.     Upon information and belief, Defendant Huawei Technologies USA Inc. is a Texas corporation with its principal office at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024.

**JURISDICTION AND VENUE**

5. This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq*. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction and venue are proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants Huawei China, Huawei Enterprise and Huawei Technologies USA Inc. established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Upon information and belief, Defendants regularly conduct business in the State of Texas and in this judicial district and are subject to the jurisdiction of this Court. Upon information and belief, Defendants have been doing business in Texas and this judicial district by distributing, marketing, selling and/or offering for sale its products, including, but not limited to, products that practice the subject matter claimed in the Patents-In-Suit, and/or regularly doing or soliciting business and/or engaging in other persistent courses of conduct in and/or directed to Texas and this judicial district.

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,425,035**

7. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

8. On July 23, 2002, United States Patent No. 6,425,035 (the "'035 Patent") was duly and legally issued. A true and correct copy of the '035 Patent is attached hereto as Exhibit A. Crossroads is the assignee and the owner of all right, title, and interest in and to the '035 Patent. The '035 Patent is entitled to a presumption of validity.

9. On information and belief, Defendants have directly infringed the '035 Patent. On information and belief, Defendant continues to directly infringe the '035 Patent.

10. Specifically, on information and belief, Defendants have directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States certain of products including at least the following:  OceanStor S2200T Storage System, OceanStor S6800T Storage System, OceanStor T Series Unified Storage Systems (including the OceanStor S2600T, OceanStor S5500T, OceanStor S5600T, OceanStor S5800T), OceanStor HVS85T Storage Systems, OceanStor HVS88T Storage Systems, OceanStor VIS6600T Storage Systems, OceanStor Dorado 2100 G2 Storage Systems, and OceanStor Dorado 5100 Storage Systems.

11. Further, on information and belief, Defendants have been and now are indirectly infringing by way of inducing infringement of the '035 Patent with knowledge of the '035 Patent by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain products, including the OceanStor S2200T Storage System, OceanStor S6800T Storage System, OceanStor T Series Unified Storage Systems (including the OceanStor S2600T, OceanStor S5500T, OceanStor S5600T, OceanStor S5800T), OceanStor HVS85T Storage Systems, OceanStor HVS88T Storage Systems, OceanStor VIS6600T Storage Systems, OceanStor Dorado 2100 G2 Storage Systems, and OceanStor Dorado 5100 Storage Systems, and Defendants knew that these actions were inducing end users to infringe the '035 Patent.

12. Further, on information and belief, Defendants have been and now are indirectly infringing by way of contributing to the infringement by end users of the '035 Patent by selling, offering to sell and/or importing into the United States components, including the OceanStor

S2200T Storage System, OceanStor S6800T Storage System, OceanStor T Series Unified Storage Systems (including the OceanStor S2600T, OceanStor S5500T, OceanStor S5600T, OceanStor S5800T) OceanStor HVS85T Storage Systems, OceanStor HVS88T Storage Systems, OceanStor VIS6600T Storage Systems, OceanStor Dorado 2100 G2 Storage Systems, and OceanStor Dorado 5100 Storage Systems, knowing the components to be especially made or especially adapted for use in the infringement of the '035 Patent. Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

13. Defendants have been on constructive and/or actual notice of the '035 Patent since at least as early as February 2012, and Defendants have not ceased their infringing activities. The infringement of the '035 Patent by Defendants has been and continues to be willful and deliberate.

14. Crossroads has been irreparably harmed by Defendants' acts of infringement of the '035 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

15. As a result of the acts of infringement of the '035 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,934,041**

16. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

17. On April 26, 2011, United States Patent No. 7,934,041 (the "'041 Patent") was duly and legally issued. A true and correct copy of the '041 Patent is attached hereto as Exhibit B. Crossroads is the assignee and the owner of all right, title, and interest in and to the '041 Patent. The '041 Patent is entitled to a presumption of validity.

18. On information and belief, Defendants have directly infringed the '041 Patent. On information and belief, Defendants continue to directly infringe the '041 Patent.

19. Specifically, on information and belief, Defendants have directly infringed the '041 Patent by making, using, offering for sale, selling and/or importing into the United States certain products including at least the following: OceanStor S2200T Storage System, OceanStor S6800T Storage System, OceanStor T Series Unified Storage Systems (including the OceanStor S2600T, OceanStor S5500T, OceanStor S5600T, OceanStor S5800T) OceanStor HVS85T Storage Systems, OceanStor HVS88T Storage Systems, OceanStor VIS6600T Storage Systems, OceanStor Dorado 2100 G2 Storage Systems, and OceanStor Dorado 5100 Storage Systems.

20. Further, upon information and belief, Defendants have been and now are indirectly infringing by way of inducing infringement of the '041 Patent with knowledge of the '041 Patent by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain products, including the OceanStor S2200T Storage System, OceanStor S6800T Storage System, OceanStor T Series Unified Storage Systems (including the OceanStor S2600T, OceanStor S5500T, OceanStor S5600T, OceanStor S5800T), OceanStor HVS85T Storage Systems, OceanStor HVS88T Storage Systems, OceanStor VIS6600T Storage Systems, OceanStor Dorado 2100 G2 Storage Systems, and OceanStor Dorado 5100 Storage Systems, and Defendant knew that these actions were inducing end users to infringe the '041 Patent.

21. Further, upon information and belief, Defendants have been and now are indirectly infringing by way of contributing to the infringement by end users of the '041 Patent by selling, offering to sell and/or importing into the United States components, OceanStor S2200T Storage System, OceanStor S6800T Storage System, OceanStor T Series Unified

Storage Systems (including the OceanStor S2600T, OceanStor S5500T, OceanStor S5600T, OceanStor S5800T), OceanStor HVS85T Storage Systems, OceanStor HVS88T Storage Systems, OceanStor VIS6600T Storage Systems, OceanStor Dorado 2100 G2 Storage Systems, and OceanStor Dorado 5100 Storage Systems, knowing the components to be especially made or especially adapted for use in the infringement of the '041 Patent. Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

22. Defendants have been on constructive and/or actual notice of the '041 Patent since at least as early as early as February 2012, and Defendants have not ceased the infringing activities. The infringement of the '041 Patent by Defendants has been and continues to be willful and deliberate.

23. Crossroads has been irreparably harmed by Defendants' acts of infringement of the '041 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

24. As a result of the acts of infringement of the '041 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 7,051,147

25. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

26. On May 23, 2006, United States Patent No. 7,051,147 (the "'147 Patent") was duly and legally issued. A true and correct copy of the '147 Patent is attached hereto as Exhibit C. Crossroads is the assignee and the owner of all right, title, and interest in and to the '147 Patent. The '147 Patent is entitled to a presumption of validity.

27. On information and belief, Defendants have directly infringed the '147 Patent. On information and belief, Defendants continue to directly infringe the '147 Patent.

28. Specifically, on information and belief, Defendants have directly infringed the '147 Patent by making, using, offering for sale, selling and/or importing into the United States certain products including at least the following: OceanStor S5600T Storage Systems, OceanStor S5800T Storage Systems, OceanStor S6800T Storage Systems, OceanStor VIS6600T Storage Systems.

29. Further, on information and belief, Defendants have been and now are indirectly infringing by way of inducing infringement of the '147 Patent with knowledge of the '147 Patent by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain products, including the OceanStor S5600T Storage Systems, OceanStor S5800T Storage Systems, OceanStor S6800T Storage Systems, OceanStor VIS6600T Storage Systems, and Defendants knew that these actions were inducing end users to infringe the '147 Patent.

30. Further, on information and belief, Defendants have been and now are indirectly infringing by way of contributing to the infringement by end users of the '147 Patent by selling, offering to sell and/or importing into the United States components, including OceanStor S5600T Storage Systems, OceanStor S5800T Storage Systems, OceanStor S6800T Storage Systems, OceanStor VIS6600T Storage Systems, knowing the components to be especially made or especially adapted for use in the infringement of the '147 Patent. Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

31. Defendants have been on constructive and/or actual notice of the '147 Patent since at least as early as February 2012, and Defendants have not ceased the infringing activities.

7

The infringement of the '147 Patent by Defendants has been and continues to be willful and deliberate.

32. Crossroads has been irreparably harmed by Defendants' acts of infringement of the '147 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

33. As a result of the acts of infringement of the '147 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

A. That Defendants have infringed the '035 Patent;

B. That such infringement of the '035 Patent by Defendants has been willful;

C. That Defendants account for and pays to Crossroads all damages caused by the infringement of the '035 Patent;

D. That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of the '035 Patent;

E. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '035 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

F. That Defendants have infringed the '041 Patent;

G. That such infringement of the '041 Patent by Defendants has been willful;

H. That Defendants account for and pay to Crossroads all damages caused by the infringement of the '041 Patent;

I. That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of the '041 Patent;

J. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '041 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K. That Defendants have infringed the '147 Patent;

L. That such infringement of the '147 Patent by Defendants has been willful;

M. That Defendants account for and pay to Crossroads all damages caused by the infringement of the '147 Patent;

N. That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of the '147 Patent;

O. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '147 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

P. That Defendants pay Crossroads all of Crossroads' reasonable attorneys' fees and expenses;

Q. That costs be awarded to Crossroads;

R. That Defendants, Defendants' agents, employees, representatives, successors and assigns, and those acting in privity or in concert with Defendants, be preliminary and permanently enjoined from further infringement of the '035 Patent;

S. That Defendant, Defendants' agents, employees, representatives, successors and assigns, and those acting in privity or in concert with Defendants, be preliminary and permanently enjoined from further infringement of the '041 Patent;

T. That Defendants, Defendants' agents, employees, representatives, successors and assigns, and those acting in privity or in concert with Defendants, be preliminary and permanently enjoined from further infringement of the '147 Patent;

U. That this is an exceptional case under 35 U.S.C. § 285; and

V. That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Crossroads hereby demands a trial by jury on all issues.

Dated:  November 26, 2013                    Respectfully submitted,


By:   */s/ Steven Sprinkle*
       Steven Sprinkle
       Texas Bar No. 00794962
       Elizabeth J. Brown Fore
       Texas Bar No. 24001795
       Sprinkle IP Law Group, PC
       1301 W. 25th Street, Suite 408
       Austin, Texas 78705
       Tel: 512-637-9220
       Fax: 512-371-9088
       ssprinkle@sprinklelaw.com
       ebrownfore@sprinklelaw.com

       Susan K. Knoll
       Texas Bar No. 11616900
       Russell T. Wong
       Texas Bar No. 21884235
       James H. Hall
       Texas Bar No. 24041040
       WONG, CABELLO, LUTSCH,
       RUTHERFORD & BRUCCULERI, L.L.P.
       20333 SH 249, Suite 600
       Houston, TX  77070
       Tel: 832-446-2400
       Fax: 832-446-2424
       sknoll@counselip.com
       rwong@counselip.com
       jhall@counselip.com

       *ATTORNEYS FOR PLAINTIFF*
       *CROSSROADS SYSTEMS, INC.*